**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIA T. BURTON** | ) | **CASE NO. 1:11CR31** |
| | ) | **1:11CV02575** |
| | ) | |
| **Petitioner,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Willia Burton's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. Doc. 11. The petition is DENIED.

### I. STATEMENT OF FACTS

On January 31, 2011, the United States Attorney charged Petitioner in a one-count information (Case No. 1:11CR31) with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. Petitioner signed a waiver of indictment on February 10, 2011, agreeing to have the United States charge her by way of information instead of having the matter submitted to the grand jury. (Plea Tr. at 5-6).

At her Plea Hearing on February 10, 2011, Petitioner pled guilty to one-count information and conspiracy to commit wire fraud in a mortgage fraud scheme. Petitioner initialed each page of the plea section and signed the agreement, indicating she understood and agreed to the provisions contained therein.

At the sentencing hearing on May 2, 2011, this Court sentenced Petitioner to 30 months imprisonment on Count 1, followed by three years of supervised release. Based on a total

1

adjusted offense level of 19 and Criminal History Category I, the advisory Sentencing Guidelines had suggested a 30-37 month sentencing range. This Court further ordered Petitioner to pay a special assessment of $100.00 and restitution of $1,365,266.00 as noted in PSR at ¶78. (Sent. Tr., pp. 30-31).

On November 28, 2011, Petitioner filed a Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Court. Prior to this motion, Petitioner did not object to the sentence, nor did she appeal her conviction. (Sent. Tr., p. 34). In addition, in her plea agreement, Petitioner acknowledged her understanding and acceptance of the sentencing guideline calculations, as well as her satisfaction with her counsel. (Plea Agreement, ¶ 13, p. 4).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a court which imposed a sentence on a prisoner may afford relief upon the ground that the sentence was imposed in violation of the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**III. APPLICABLE LAW**

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for an ineffective assistance of counsel claim: Petitioner must demonstrate both (1) deficient performance by counsel and (2) prejudice resulting from the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance by counsel, Petitioner must show her "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In attempting to establish her attorney's deficient performance, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-687. A reviewing court must ensure "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The reviewing court must also "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.*

However, an error by counsel, even if professionally unreasonable, does not warrant setting aside judgment in a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691. Petitioner must also satisfy the second prong by proving the deficient performance prejudiced the defense. This requires showing counsel's errors were so serious as to deprive Petitioner of a fair trial with a reliable result. *Id.* at 687. When a defendant challenges his sentence on the grounds of ineffective assistance of counsel, a court asks whether there is a reasonable probability, absent the errors, that the court would have sentenced Petitioner differently. *See Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). "A reasonable

3

probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694).

In evaluating whether the errors of counsel violated the Petitioner's Sixth Amendment right, the Court should focus on whether the adversarial process broke down, affecting the fundamental fairness of the trial and the reliability of the result. *Strickland*, 466 U.S. at 696. Bare allegations of ineffectiveness are insufficient. Before a hearing can be held, "the petition must be accompanied by a detailed and specific affidavit which shows the petitioner has *actual proof* of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976) (emphasis added).

## IV. ARGUMENT

As accurately asserted by the Government, Petitioner has failed to present evidence to support her claim of ineffective counsel and a prejudiced result due to her counsel's performance. Petitioner submits only self-serving, conclusory statements regarding the alleged deficiencies of counsel. The record in this case shows active and appropriate representation by counsel and there is no evidence that any of the alleged actions or inactions of counsel would have resulted in a different outcome in this case.

A. Issue 1: Ineffective Assistance of Counsel

On Ground One, Petitioner asserts she did not voluntarily agree to the plea due to ineffective assistance of counsel. Petitioner states her counsel grossly under represented her by failure to adequately research, investigate, and otherwise prepare for trial. (Petitioner's Response at 2). Additionally, Petitioner says counsel gave her incompetent, deficient, and careless advice. *Id.*

More specifically, Petitioner claims her attorney failed to do the following: (1) attempt to learn the facts of Petitioner's case; (2) make a good faith estimate of the sentence on Petitioner's behalf; (3) advise Petitioner of the consequence of accepting the government's plea offer in comparison to other alternatives; and (4) advise Petitioner of her right to appeal or inquire into whether Petitioner wanted to appeal.

In the Plea Agreement, Petitioner indicated she voluntarily made the agreement. (Plea Agreement at ¶ 33). Additionally, in the Plea Agreement and when directly asked by the Court, Petitioner stated she was satisfied with the assistance of counsel (Plea Agreement at ¶ 32; Plea Tr. at 8). Regarding Petitioner's first and second sub-arguments, the Petitioner simply makes these statements and does not develop them further. Therefore, while the Court recognizes these arguments, the Court concludes that they are without merit.

Concerning the consequences of accepting the government's plea, Petitioner affirmed she understood, among other things, the waiver of certain Constitutional rights, the sentencing guidelines, and the waiver of certain appellate rights. (Plea Agreement at 1, 2, 4, 8, 13). Petitioner initialed each page of the plea agreement and signed the plea agreement. By signing the agreement, Petitioner acknowledged she understood and approved the provisions. (Plea Agreement at 16).

At the Sentencing Hearing, this Court stated, "If there is some basis for an appeal, something I have missed, what have you, you will have 14 days from the day I reduce your sentence to writing with which to file that appeal. Do you understand that?" (Sentencing Tr. at 34). Defendant's response: "Yes, I do." (Sentencing Tr. at 34).

In summary, Petitioner has failed to demonstrate deficient performance by counsel. *See Strickland*, 466 U.S. at 687. In fact, Petitioner acknowledged her satisfaction with counsel on

5

two separate occasions. (Plea Agreement at ¶ 32; Plea Tr. at 8). Moreover, Petitioner stated she understood the consequences of accepting the plea and her right to appeal. (Plea Agreement at 1, 2, 4, 8, 13). Thus, the Court cannot conclude she did not voluntarily agree to the plea due to ineffective assistance of counsel. Because Petitioner has failed to establish the first prong of the *Strickland* test, this Court need not address the "prejudice" prong. *See Strickland*, 466 U.S. at 687.

B. Issue 2: Attorney's Failure to Advise on Necessary Appointment of Counsel

On Ground Two, Petitioner claims her attorney did not fully advise her that counsel would be appointed if necessary. Specifically, Petitioner asserts her attorney threatened to "quit," "resign," and "tell the judge" to appoint new counsel. Additionally, Petitioner contends that her attorney "made numerous threats, sought not to learn facts, interview witnesses, or meet with individuals known to the U.S. Attorney's Office because of Petitioner's inability to pay what her attorney demanded."

As discussed under Issue 1, Petitioner stated multiple times she was satisfied with her attorney's representation. (Plea Agreement at ¶ 32; Plea Tr. at 8). Moreover, Petitioner indicated her understanding of her right "to an attorney at every stage of the proceedings and, if necessary, one will be appointed to represent" her. (Plea Agreement, ¶ 1, p. 2).

Accordingly, Petitioner has failed to demonstrate deficient performance by counsel. *See Strickland*, 466 U.S. at 687. Because Petitioner affirmatively indicated her satisfaction with her counsel and her understanding of her right to an attorney, the Court cannot conclude that there was an error on her attorney's part. Thus, Petitioner cannot succeed on Ground Two of this motion. Because Petitioner has failed to establish the first prong of the *Strickland* test, this Court need not address the "prejudice" prong. *See Strickland*, 466 U.S. at 687.

C. Issue 3: Attorney's Failure to Advise on Knowledge of the U.S. Attorney's Office

On Ground Three, Petitioner claims her attorney never advised her of known facts within the knowledge of the U.S. Attorney's Office as it related to discovery or particulars because Petitioner was not indicted by a grand jury. At the Plea Hearing, this Court explained to Petitioner her right to waive the indictment and what waiving an indictment meant. (Plea Tr. at 4-6). Petitioner acknowledged her understanding of her right to waive and that she had discussed waiving her indictment with her attorney. (Plea Tr. at 5-6). When asked if she wanted to waive indictment, she responded in the affirmative. (Plea Tr. at 6).

Consequently, Petitioner has failed to demonstrate deficient performance by counsel. *See Strickland*, 466 U.S. at 687. Because Petitioner affirmatively indicated her understanding of her right to waive an indictment, the Court cannot conclude that there was an error on her attorney's part. Thus, Petitioner cannot succeed on Ground Three of this motion. Because Petitioner has failed to establish the first prong of the *Strickland* test, this Court need not address the "prejudice" prong. *See Strickland*, 466 U.S. at 687.

D. Issue 4: Attorney's Failure to Make All Appropriate Arguments

On Ground Four, Petitioner claims her attorney did not make all appropriate arguments on behalf of Petitioner and made no effort to receive a sentence that would be within the proper guideline range by preparation of testimony and witness testimony at sentencing. Furthermore, in her response, Plaintiff asserts her counsel should have had financial experts to analyze the data and testify accordingly. (Petitioner's Response at 3). However, Petitioner states her counsel did not file a sentencing memorandum, did not call any witnesses and could not effectively cross-examine the government's witnesses or inquire of the Government as to how they arrived at a the loss calculation. *Id.*

"Trial counsel's tactical decisions are particularly difficult to attack, and [Petitioner's] challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy." *Carson v. U.S.*, 3 Fed. Appx. 321 (6th Cir. 2001). Like any trial strategy, a Court will give a high level of deference to Petitioner's counsel's tactical decisions. *Strickland*, 466 U.S. at 687-689. When counsel focuses on some issues to the exclusion of others, there is a strong presumption he did so for tactical reasons rather than sheer neglect. *Yarborough v.* Gentry, 540 U.S. 1, 8 (2003). This presumption has particular force where a petitioner bases his ineffective-assistance claim solely on the trial record, creating a situation in which a court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive. *Id.*

The trial record contains no evidence of alleged errors of omission, much less the reasons underlying them. Petitioner has not presented any evidence of counsel's failure to make all appropriate arguments. Thus, the Court must rely on the record and conclude Petitioner has not met her burden of overcoming the presumption that her counsel's argument choices and decision not to produce testimony at sentencing were sound trial strategy. Even if Petitioner could prove her counsel's trial strategy constituted a deficient performance, this Court would not find prejudice resulted from this inadequate performance. *Strickland*, 466 U.S. at 687. Therefore, Petitioner cannot succeed on Ground Four of this motion.

E. <u>Issue 5: Attorney's Failure to Provide Competent Assistance Regarding Restitution</u>

On Ground Five, Petitioner claims her attorney did not provide competent assistance regarding restitution. Plaintiff asserts in her response that her counsel failed to review restitution figures with her prior to concurring with the Government's restitution calculations. (Plaintiff's Response at 4). Moreover, Petitioner says she informed her counsel on numerous occasions that

the Government's alleged loss listed erroneous figures as Petitioner never conducted business with three of the banks listed as restitution owed by the Petitioner. *Id.* Petitioner states her counsel told her she would be afforded the opportunity to go over the Government's figures at a restitution hearing, but never had a hearing. *Id.*

As noted by the Government, Petitioner must raise all objections to her sentence before the sentencing judge in the first instance. *United States v. Cullens*, 67 F.3d 123, 124. Failure to object results in forfeiture of the argument. *Id.* If Petitioner had an objection to the restitution amount or wanted a restitution hearing, she was required to raise it on direct appeal. Petitioner's failure to raise this issue results in forfeiture and the claim is procedurally barred.

Moreover, plea agreements are contractual in nature. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.), *cert. denied*, 479 U.S. 1017 (1986). In interpreting and enforcing them, the Court will use traditional principles of contract law. *Id.* Petitioner agreed "to make full restitution as ordered by the Court…" (Plea Agreement at ¶ 26). Petitioner also agreed to the loss calculation of approximately $1,519,200. (Plea Agreement at ¶ 25). At this point, a breach of contract would result if Petitioner or her attorney would have argued that the plea agreement contained erroneous loss calculations. Hence, the Court cannot conclude that there was an error on her attorney's part.

Petitioner does not meet her burden of proving her attorney's representation was unreasonable and prejudiced the Court's decision. Thus, Petitioner cannot succeed on Ground Five of this motion.

F. Issue 6: District Court Must Provide a Sufficient Explanation of Loss Calculation

On Ground Six, Petitioner argues the District Court must provide a sufficient explanation of its reasons for a loss calculation. In addition, Petitioner stated the District Court erred as a

matter of law in accepting the government's erroneous calculations of loss. (Petitioner's Response at 2). Petitioner also claims the Government committed prosecutorial misconduct by drafting an ambiguous Plea Agreement and by advocating for an improperly calculated loss calculation and restitution. *Id.* at 9.

As noted by the Government, Petitioner must raise all objections to her sentence before the sentencing judge in the first instance. *United States v. Cullens*, 67 F.3d 123, 124. Failure to object results in forfeiture of the argument. *Id.* This alleged error should have been raised on direct appeal. Petitioner's failure to raise this issue results in forfeiture and the claim is procedurally barred. Moreover, Petitioner agreed to the loss calculation in the plea agreement. (Plea Agreement, ¶¶ 10,31). Thus, Petitioner cannot succeed on Ground Six of this motion.

## V. CONLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate. Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED**. (Doc. 11).

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: 6/28/12  /s/ John R. Adams_____
 **JOHN R. ADAMS**
 **UNITED STATES DISTRICT JUDGE**